IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 97-CR-114-TCK |
| ) | (05-CV-742-TCK-SAJ) |
| ) | |
| WILLIAM SCOTT SOURS, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

By Order filed June 19, 2006, in Case No. 05-CV-742-TCK, the Court gave notice to Defendant, a federal inmate appearing *pro se*, that his "Petition for Writ of Habeas Corpus by a Person in Federal Custody 28 U.S.C. § 2241," filed on December 27, 2005, would be recharacterized as a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Defendant was afforded the opportunity to withdraw the motion or to file an amended motion to state all claims. The Court also directed Defendant to show cause why his § 2255 motion should not be barred by the one-year statute of limitations applicable to § 2255 motions. On June 28, 2006, Defendant filed his amended § 2255 motion. Both the original and the amended motions have been filed of record this case. See Dkt. #s 43 and 44. For the reasons discussed below, the Court finds the § 2255 motion shall be dismissed with prejudice as time-barred.

*BACKGROUND*

Defendant was convicted on his plea of guilty to one count of violating 18 U.S.C. § 2118(a) (robbery involving controlled substances) and 18 U.S.C. § 2118(c) (assault through use of a dangerous weapon in violating § 2118(a)), and was sentenced to 96 months imprisonment. The Court entered Judgment against Defendant on April 23, 1998. See Dkt. # 27. The Judgment

specified that the term of imprisonment was to "run consecutively to any other previously imposed sentence." Id. Defendant appealed. By Order filed April 23, 1999, the Tenth Circuit Court of Appeals affirmed the Judgment and Sentence entered by this Court. See Dkt. # 32. Defendant filed a petition for writ of *certiorari* in the United States Supreme Court. On October 4, 1999, the petition was denied. See Dkt. # 33. On December 27, 2005, Defendant filed his § 2241 petition for writ of habeas corpus (Dkt. # 43). On June 28, 2006, after receiving notice that his petition was subject to recharacterization as a § 2255 motion, Defendant filed an amended § 2255 motion (Dkt. # 44).

In his amended § 2255 motion, Defendant identifies one (1) claim: that his "sentence was enhanced based on an assumption that has now proven invalid." See Dkt. # 44. According to Defendant, his sentence included an upward adjustment because he committed his crime while on escape. He now claims that he was sentenced in error because he "was not legally in custody when the alleged escape took place and thus escape charges were dismissed by the State of Oklahoma." See id. at 4-A. In response to the Court's determination that this § 2255 motion may be barred by the one (1) year statute of limitations prescribed by § 2255, Defendant presents two (2) arguments. First, Defendant contends that not all of the facts were available until after expiration of the limitations period. Second, Defendant argues that his limitations period did not begin to run until he was taken into federal custody, on December 17, 2004, to begin serving the sentence entered in this case. As a result, Defendant maintains that this action was commenced before the deadline since he claims to have filed his habeas corpus petition on October 25, 2005.

## *ANALYSIS*

Before enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") on April 24, 1996, 28 U.S.C. § 2255 contained no statute of limitation. The AEDPA amended 28 U.S.C. §

2255 by adding a time-limit provision. Specifically, paragraph 6 of 28 U.S.C. § 2255 now provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
> (4)   the date on which the fact supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Upon review of both the record for this case and Defendant's arguments, the Court finds that under any of the permissible start dates for Defendant's limitations period, his § 2255 motion is time barred.

Under ¶6(1) of § 2255, Defendant's conviction became final on October 4, 1999, when the United States Supreme Court denied his petition for writ of *certiorari*.  Defendant had one year from that date, or until October 4, 2000, to file a timely § 2255 motion.  Cf. United States v. Burch, 202 F.3d 1274, 1279 (10th Cir.2000) (stating that, "for purposes of § 2255, if a prisoner does not file a petition for a writ of certiorari, ... the one-year limitation begins to runs ... ninety days after this court['s]" decision).  Therefore, absent a tolling event, Defendant had to file his § 2255 motion on or before October 4, 2000, to be timely.  The Clerk of Court received Defendant's petition for writ of habeas corpus for filing on December 27, 2005, or more than five (5) years beyond the deadline. Under ¶6(1), Defendant's § 2255 is clearly untimely.

3

However, as indicated above, Defendant presents two (2) arguments in an attempt to overcome the limitations bar. First, he contends that the factual basis for his claim, that the escape charge filed in Ottawa County District Court and giving rise to an upward adjustment of his sentence was later dismissed by the State of Oklahoma, did not exist until five years after entry of his sentence. Under ¶6(4) of § 2255, Defendant's one-year limitations period began to run on "the date on which the fact supporting the claim or claims presented could have been discovered through the exercise of due diligence." The docket sheet for Ottawa County District Court, Case No. CF-1997-208, viewed at www.oscn.net, reflects that a charge of Escape from County Jail, filed against Defendant on June 25, 1997, was dismissed on August 7, 2001. As a result, any claim related to the dismissal of that escape charge began to run, at the earliest, on August 7, 2001. Under ¶6(4), Defendant had one year, or until August 7, 2002, to file a timely § 2255 motion raising the claim. In addition, by his own admission, Defendant knew that the escape charge had been dismissed five years after this Court had sentenced him on April 23, 1998. See Dkt. # 44 at 5-A. In other words, Defendant admits that he knew by April 2003, that the escape charge had been dismissed. Therefore, at the latest, under ¶6(4) Defendant had until April 2004, to file a timely § 2255 motion raising a claim based on the dismissal of the escape charge. Defendant did not file his petition until December 27, 2005,[1] or more than a year and a half beyond the deadline established by Defendant's admission. Under ¶6(4), Defendant's request for relief under § 2255 is time-barred.

---

[1] Defendant maintains that he filed his "§ 2241 petition" (Dkt. # 43) on October 25, 2005. See Dkt. # 44 at 5-A. That date is more than two (2) months before the Clerk of Court received the "§ 2241 petition" for filing on December 27, 2005. However, even if the Court acknowledges October 25, 2005, as the date Defendant filed his petition seeking § 2255 relief, the motion would nonetheless be time barred since that date is well beyond the April 2004 deadline. As a result, it is unnecessary to require Defendant to supplement the record with the outgoing mail log from his facility to establish the earliest possible date of filing. See Houston v. Lack, 487 U.S. 266 (1988).

Defendant also asserts that a "federal district court has jurisdiction to entertain a § 2255 motion 'only' if the movant is in custody under sentence of a federal court." See Dkt. # 44 at 5-A. The Court rejects Defendant's argument. It is well established that 28 U.S.C. § 2255 "is available to a prisoner in state custody attacking a federal sentence scheduled to be served in the future." See United States v. Simmons, 437 F.2d 156, 158-159 (5th Cir. 1971). There is "no reason to restrict section 2255 to prisoners actually in federal custody." Id. The Judgment entered in this case directed that Defendant would serve his 96 month sentence consecutive to any other previously imposed sentence. In his "§ 2241 petition" (Dkt. # 43), Defendant states that "at the time of petitioner's sentencing in 1997 he was in State custody, State of Missouri, and remained in state custody until December 17, 2004, when he was released to serve his federal sentence." The fact that Defendant was in state custody, not federal custody, during the limitations period applicable to this action has no effect on the commencement date of the limitations period. See Ospina v. United States, 386 F.3d 750, 752-53 (6th Cir. 2004) (holding that "if petitioner may use § 2255 while he is in state prison, he must do so then to prevent the statute of limitations from barring his action"). As a result, Defendant's one-year limitations period did not begin to run on December 17, 2004, the date he was released from state custody into federal custody, as asserted by Defendant.

Lastly, the Court recognizes that in his "§ 2241 petition" (Dkt. # 43), Defendant relies on United States v. Booker, 543 U.S. 220 (2005), decided January 12, 2005, to challenge the validity of his sentence. Although ¶ 6(3) of 28 U.S.C. § 2255 provides that the one-year limitations period may begin to run on the date on which the Supreme Court "initially recognized" the right asserted in an applicant's motion, a federal prisoner may take advantage of that date only if the asserted right has also been made retroactively applicable to cases on collateral review. Dodd v. United States,

545 U.S. 353, 358-59 (2005). The Supreme Court's holding in Booker has not been made retroactively applicable to cases on collateral review. The Supreme Court expressly applied its holding in Booker only to cases on direct review. Booker, 543 U.S. at 268. That Court did not expressly declare, nor has it since declared, that Booker should be applied retroactively to cases on collateral review. In addition, the Tenth Circuit Court of Appeals has refused to apply Booker retroactively to cases on collateral review. United States v. Bellamy, 411 F.3d 1182, 1184 (10th Cir. 2005) (holding that "Booker does not apply retroactively to criminal cases that became final before its effective date of January 12, 2005"); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005) (holding that Booker may not be applied retroactively to second or successive habeas petitions). Therefore, Booker does not serve as a basis for restarting Defendant's statute of limitations under ¶6(3) of § 2255.

Based on the foregoing analysis, the Court finds Defendant failed to seek relief under § 2255 within the one-year limitations period applicable to § 2255 motions. Therefore, the § 2255 motion, as amended, shall be dismissed with prejudice as barred by the statute of limitations.

**ACCORDINGLY, IT IS HEREBY ORDERED that** Defendant's 28 U.S.C. § 2255 motion (Dkt. # 43), as amended (Dkt. # 44), is **dismissed with prejudice** as barred by the statute of limitations. A separate judgment shall be entered reflecting this ruling.

DATED THIS 15th day of November, 2006.

TERENCE KERN
UNITED STATES DISTRICT JUDGE